ELIZABETH GEISEN

*v.*

MATHIAS HEIDERICH.

*Filed at Ottawa November 20, 1882.*

1. LIMITATION—*savings in favor of married women.* The acts of 1861 and 1874 enlarging the rights and legal capacities of married women, have, by implication, repealed all savings in their favor in existing limitation laws, including the one relating to the prosecution of writs of error.

2. SAME—*to writ of error—affirmance of judgment.* It seems that where a demurrer is sustained to a replication to a plea of the Statute of Limitations interposed to a writ of error, the judgment or decree to reverse which the writ of error is brought will be affirmed.

3. CONSTITUTIONAL LAW—*repeal of statute by implication.* That clause of the constitution (sec. 13, art. 4,) which provides "that no act hereafter passed shall embrace more than one subject," etc., and "that no law shall be revised and amended by reference to its title only, but the law revised or section amended shall be inserted at length in the new act," was not intended to control the doctrine of repeals by implication.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MOSES & NEWMAN, for the plaintiff in error:

It is contended that the passage of the act of 1874, entitled "An act to revise the law in relation to husband and wife," has virtually legislated the phrase "*feme covert*" out of section 85 of the Practice act, providing for writs of error. If this position be sound, it will apply to all other acts yet on the statute books in which the phrase occurs. There are several very serious objections to such a construction. The repeal of a statute by implication is not favored, and is only allowed when the two acts can not stand together. Sedgwick on Construction of Statutes, 97, 105, 113.

It is questionable whether repeals by implication can at all exist under section 13, article 4, of the present constitution, which reads, "and no law shall be revised and amended by reference to its title only, but the law revised or section amended shall be inserted at length in the new act." The act of 1874 was only intended to govern the relations of husband and wife *inter sese*, and no words are contained therein showing legislation in reference to married women by themselves.

But the 85th section of the Practice act, as to rights acquired thereunder, can not be held as repealed. The exception in favor of Mrs. Geisen in section 86, as between her and the State, was a closed transaction, and it was not in the power of the legislature to deprive her of that right. *The Board, etc.* v. *Chicago*, 14 Ill. 334.

If the words of a statute are merely general, and are not explicitly retrospective in any particular, the courts will not so construe such general words as to give them a retrospective operation to take away rights of property previously vested, although such words may be comprehensive enough to include the particular case; because, the result being against natural justice, the legislative intent to authorize it must clearly appear. *Gilmore* v. *Shuter*, 2 Md. 310; *Couch* v. *Jeffries*, 4 Burr. 2461; *Dash* v. *Van Kluk*, 7 Johns. 477; *Wood* v. *Oakley*, 11 Paige, 403; *Matter of Protestant Episcopal School*, 58 Barb. 161; *Williams* v. *Johnson*, 30 Md. 500; *Hooker* v. *Hooker*, 10 S. & M. 599; *Scammon* v. *Com. U. A. Co.* 6 Bradw. 551.

Mr. S. P. DOUTHART, and Mr. J. B. JONES, for the defendant in error:

The effect of the act of 1861, Revised Statutes, investing married women with the sole control of their separate property, was, as to such property, to place them precisely in the same position, so far as the Statute of Limitations is con-

cerned, as they would occupy if unmarried. *Hayward* v. *Green*, 82 Ill. 385; *Castner* v. *Walrod*, 83 id. 171; *Enos* v. *Buckley*, 94 id. 458.

But the statute of 1874, Rev. Stat. chap. 68, title "Husband and Wife," section 1, is much broader than the statute of 1861. From the time it went into effect married women have been precisely upon the same footing as *femes sole*. By it the saving clause as to married women in all statutes of limitation was virtually repealed. It is repugnant to section 86 of the statute of 1862, chapter 110, title "Practice," and being the last expressed will of the legislature, so much of said section 86 as is repugnant was, by the statute of 1874, repealed. *Illinois and Michigan Canal* v. *City of Chicago*, 14 Ill. 304; *Dingman* v. *The People*, 51 id. 277; *Carmel* v. *Wabash County*, 50 id. 69; *Mullen* v. *The People*, 31 id. 444; Potter's Dwarris on Statutes, 154; Sedgwick on Statutes, 31, 104.

At the time the decree was rendered in the court below there was no saving clause as to married women, because the statutes of 1861 and 1874 had repealed those saving clauses, and the statute run against plaintiff as though she had been a *feme sole*.

While the legislature had not power to abolish a remedy, it clearly had the right to modify it. Providing that writs of error should be sued out within five years after decree rendered, was clearly within the power of the legislature. *Bruce* v. *Schuyler*, 4 Gilm. 221; *Conway* v. *Cable*, 37 Ill. 82; *Deininger* v. *McConnell*, 41 id. 82.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Mathias Heiderich, the defendant in error, on the 16th of July, 1876, obtained a decree, in the Superior Court of Cook county, against Heinrich Geisen, for $1530, to reverse which Elizabeth Geisen, his widow, on the 21st of December, 1881, sued out of the Appellate Court for the First District a writ

of error.   The defendant in error appeared, and plead in bar of the writ the limitation of five years, to which plaintiff in error replied, "that at time of entry of decree, on, to-wit, 16th day of June, 1876, plaintiff. was a married woman,. and was then the wife of Heinrich Geisen, and living with him as his wife, and continued to live with him as his wife until the time of his death, on the 21st day of January, A. D. 1878; that she sued out this writ of error within five years next after," etc.   To this replication the Appellate Court sustained a demurrer, and entered an order affirming the original decree. The plaintiff in error brings the case here, and assigns for error the sustaining of the demurrer to her replication to the plea.of the Statute of Limitations, and this is the only .question in the case.

Notwithstanding the very,forcible and .ingenious argument of counsel for plaintiff in error, we feel constrained, by the logic of the previous decisions of this court upon this subject, to affirm the judgment of the Appellate Court.   (*Hayward* v. *Gunn,* 82 Ill. 385; *Castner* v. *Walrod,* 83 id. 171; *Enos* v. *Buckley,* 94 id. 458.)   Under the authority of these cases we hold, the acts of 1861 and 1874, enlarging the rights and legal capacities of married women, by implication repealed all savings in their favor in existing limitation laws, including the one relating to the prosecution of writs of error.   We could not reach any other conclusion without repudiating the reasoning and positions·assumed in these cases, which we are not prepared to do.   In cases.involving property rights, like the one in hand, there should be no material departure from the rule of *stare decisis* without some imperative reason for doing so, which does not appear in the present case.

It is urged that to allow a repeal by implication, in a case like this, would be to defeat, by indirection, section 13 of article 4 of the constitution, which provides, "that no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title, and no law shall be

revised and amended by reference to its title only, but the law revised or section amended shall be inserted at length in the new act." While it is conceded this position is decidedly ingenious, and not without force, we can not believe the framers of the constitution intended by it to limit or control the doctrine of repeals by implication. To give the provision such a construction, it is believed, would lead to much confusion and inconvenience, and deprive the courts of one of the most efficient means of harmonizing and giving effect to hasty and conflicting legislation.

The judgment will be affirmed.

*Judgment affirmed.*