Dear Senator Wilson:
This opinion is in response to your request asking:
 "Which version of section 50.334, RSMo 1978, is controlling, the version enacted by S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257, 79th General Assembly, or the version enacted by H.B. 1634, 79th General Assembly?"
You also state:
 "S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 and 1257 and H.B. 1634 enacted by the 79th General Assembly, established conflicting salary schedules for recorders of deeds in certain counties. The conflicting provisions are set forth in section 50.334, RSMo 1978."
Section 50.334, as enacted by S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257, provides in pertinent part:
 "1. In all counties, except counties of the first class, having a population of less than five hundred thousand and an assessed valuation as prescribed in this section, each recorder of deeds, if his office be separate from that of the circuit clerk, shall receive as total compensation for all services performed by him an annual salary which shall be computed on a combination population-assessed valuation basis as set forth in the following schedule:
. . . .
 "2. The repeal of section 59.606 and the repeal and reenactment of section 50.334 shall be effective December 31, 1978."
We have placed a comma in the first sentence of subsection 1 of Section 50.334, as enacted by S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257, after the language "except counties of the first class" to correct a printing omission in the Revised Statutes of 1978. With the comma inserted, it is clear that such recorders of deeds of first class counties are not within the provisions of such section.
We note that subsection 2 of Section 50.334, as enacted by S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 
1257, provided that the repeal of Section 59.606, which allowed three thousand seven hundred dollars per year additional compensation to the recorder of deeds in each county of the second class and the recorder of deeds in each county of the third class wherein the office is separate from the office of circuit clerk for duties imposed by Section 59.605, RSMo, would be effective December 31, 1978.
We note parenthetically that Section 59.606 was not listed in the title or enacting clause or specifically repealed in the body of the senate substitute for House Bills 1121 1257, and it could be argued that it is still in effect because it was never expressly repealed. However, we believe that the provisions of Section 50.334 of S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257 have to be read as a whole, and if in fact subsection 2 of such section could not take effect, the remainder of the section would not be effective because it would not be severable. That is, it is our view that the legislature would not have enacted the compensation schedule of Section 50.334 of Senate Substitute No. 4 for House Bills 1121 1257 without intending the repeal of Section 59.606.See Section 1.140, RSMo. However, we presume the constitutionality of a statute and viewing the provisions of Section50.334 as a whole supports the repeal of Section 59.606 by implication. Repeals by implication are not within the prohibition of Section 23, Article III. Dorris Motor CarCo. v. Colburn, 270 S.W. 339 (Mo. 1925).
Clearly the principal difference between Section 50.334, as enacted by the senate substitute for House Bills 1121 1257, and Section 50.334, as enacted by House Bill No. 1634, is that the compensation schedule, according to population and assessed valuation as contained in House Bill No. 1634, merely repeated the schedule which was provided for in repealed Section 50.334, RSMo Supp. 1975, whereas Section 50.334, as enacted by S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257, raised the compensation both according to population and according to assessed valuation.
Thus, Section 50.334 of House Bill No. 1634 contained the old repealed compensation schedule, and Section 50.334 of the senate substitute for House Bills 1121 1257 provided for an increase in compensation.
Despite the fact that such provisions of House Bill No. 1634 became effective January 2, 1979, whereas the salary schedule as contained in S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257 became literally effective December 31, 1978, it is our view that the clear intent of the legislature should govern. The compensation schedule contained in Section 50.334, as amended by the senate substitute for House Bills 1121 1257, should be given effect and the schedule contained in Section 50.334 of House Bill No. 1634 should be disregarded. In addition, the new matter with respect to the repeal of Section 59.606 contained in subsection 2 of Section 50.334 of S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257 should be given effect.
In reaching this conclusion we have given consideration to the fact that subsection 8 of Section B of House Bill No. 1634 provides:
 "In the event of the passage of an act at the Second Regular Session of the 79th General Assembly which provides for an increase or decrease in the amount of compensation to be paid to an official whose salary is specified in sections contained within this act, the amount of such increased or decreased compensation provided in any such separate enactment shall be effective from and after January 2, 1979, notwithstanding the provisions of this act."
Because of the provisions of Section 13 of Article VII
of the Missouri Constitution, which prohibit an increase in an officer's compensation during such officer's term, the compensation provided for cannot become effective until the beginning of the terms of such recorders of deeds. Under Section 59.020, RSMo, in all counties of the second class, and in counties of the third class where the offices of clerk of the circuit court and recorder of deeds are separate, such recorder took office January 1, 1979, for a period of four years. His compensation under Section 50.334, as provided in S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257 of the 79th General Assembly, begins on that date.
CONCLUSION
The compensation of the recorders of deeds in second class counties and in counties of the third class where the offices of the clerk of the circuit court and recorder of deeds are separate is provided for in Section 50.334, RSMo, as enacted by S.S. No. 4 for S.C.S. for H.C.S. for House Bills 1121 1257 of the 79th General Assembly, effective at the beginning of such officers' terms, January 1, 1979.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General