THE STATE EX REL. AMERICAN CENTRAL INSURANCE COMPANY v.
FREDERICK GEHNER, President of Board of Assessors of City of
St. Louis, ET AL.

Court en Banc, February 10, 1926.

1. **TAXATION: Power of State: Statutory Interpretation.** The power of taxation is a sovereign right of the State, and, subject to the constitutional limitations thereon, may be exercised with respect to all persons, things and business activities which exist under the protection of its laws, provided clear and express statutes have been enacted for that purpose; but such statutes operate in invitum and should be strictly construed.

2. ———: **Assessment: Domestic Insurance Company.** Where the domestic fire insurance company had no real estate, and the net value of all its other assets in excess of the legally required reserve necessary to reinsure outstanding risks and to satisfy any unpaid policy claims was $127,304.63, there was no authority under the existing statutes for an assessment against the company of one million dollars, which was the amount of its capital stock.

3. ———: ———: ———: **Statute: Capital Stock.** Section 6386, Revised Statutes 1919, requiring a domestic insurance company, in addition to its real estate, to make return "of the net value of all its other assets or values in excess of its legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims, which net value shall be assessed and taxed as the property of individuals," does not, even when read in connection with Section 12775, authorize the taxation of the capital stock of domestic insurance companies, nor is there any existing statute authorizing the taxation of the capital stock of such companies.

4. ———: ———: ———: ———: ———: **Constitutional Inhibition.** The proviso to Section 6386, Revised Statutes 1919, declaring that "nothing herein shall operate to exempt from such taxation the paid-up capital stock" of domestic insurance companies, is simply declaratory of the inhibition of the Constitution under which no property is exempt from taxation except that by it specifically exempted, and is not authority for the assessment and taxation of the capital stock of such companies.

5. ———: ———: ———: **Section 6386: Repeal by Section 12775.** Section 6386, Revised Statutes 1919, was not repealed by Section 12775. By later legislative enactments, by decisions of this court and by administrative interpretation Section 6386 has uniformly been recognized for fourteen years as being still in force. There is no lack of harmony between the two sections, when read in connection with cognate sections and their history and purpose. Section 12775 provides that domestic insurance companies shall be taxed as such companies, which simply means that the property of such a company shall be assessed under its corporate name, while Section 6386 prescribes the form of the company's returns of property for assessment and the manner of the assessment, and those prescriptions do not permit the assessment and levy of taxes on the capital stock of such companies, and Section 12775 does not alter or repeal them.

6. ———: **Exemption.** The fact that the statute in permitting the taxpayer to deduct certain debts and reserves from the amount of his property, as a method of reaching a just amount of taxable property, is not such an exemption as brings the statute in conflict with the constitutional provisions prohibiting the exemption of any property from taxation other than that enumerated.

---

Corpus Juris-Cyc. References: **Statutes,** 36 Cyc., p. 1140, n. 64; p. 1141, n. 66; p. 1142, n. 80; p. 1143, n. 81; p. 1144, n. 91; p. 1151, n. 55, 56, 57, 58; p. 1152, n. 59, 60; p. 1189, n. 75. **Taxation,** 37 Cyc., p. 706, n. 3; p. 717, n. 83; p. 724, n. 33; p. 725, n. 35; p. 839, n. 25; p. 888, n. 13; p. 1034, n. 94, 95.

*Certiorari.*

RECORD QUASHED.

*Bryan, Williams & Cave* for relator.

(1) Since 1911 insurance companies organized under the laws of this State are taxed in their corporate names. Laws 1911, p. 417; R. S. 1919, sec. 12775. (2) Under the provisions of Sec. 6386, R. S. 1919, every domestic insurance company must return and be assessed, first, on the real estate held or controlled by it; second, on the net value of all its other assets or values in excess of the legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims, which net value shall be assessed and taxed as the property of individuals. State ex rel. Am. Auto. Ins. Co. v. Schramm, 271 Mo. 223. (3) Sec. 6386, R. S. 1919, prescribes the system of taxation of net assets, and requires such net assets to be assessed and taxed as the property of individuals. State ex rel. v. Schramm, 271 Mo. 223. (4) There is no law which subjects the capital stock of domestic insurance companies to taxation and, "in order that property may be taxed it must, by law, be subjected to taxation." State ex rel. v. Schramm, 271 Mo. 223; Valle v. Zeigler, 84 Mo. 214; Kansas City v. Building & Loan Assn., 145 Mo. 50; Leavell v. Blades, 237 Mo. 700; State ex rel. v. Lesser, 237 Mo. 318; State ex rel. v. Schyrack, 179 Mo. 424; Cooley on Taxation (4 Ed.) sec. 939; City of Waco v. Ins. Co., 248 S. W. (Tex.) 332. (5) An omission to tax may not be supplied by the courts. Kansas City v. Building & Loan Assn., 145 Mo. 50.

*Oliver Senti* and *Charles J. Dolan* for respondents.

(1) Relator's contention is based solely on the provisions of Sec. 6386, R. S. 1919, the proviso to which he seeks to have eliminated. The elimination of a proviso to a statute cannot be accomplished by judicial action, but by legislative action only. If effect cannot be

given to Section 6386 as a whole it must be disregarded. (2) The alternative to the assessment laid on relator on the basis of its paid-up capital stock is an assessment on all of relator's property. Sec. 12775, R. S. 1919. (3) Taxation of net values such as relator contends for is prohibited by the Constitution of Missouri if the tax on net values is the sole tax imposed. If the tax on net values is merely a supplementary tax and the property upon which it is imposed is already fully taxed by a tax on capital stock or shares of stock, or otherwise, the tax on net values is permissible, otherwise not. (Constitution of Missouri, art. 10, sec. 4; Judson on Taxation in Missouri, 217. (4) The Constitution of Missouri does not confer upon relator any special privileges in the matter of taxation, and the Legislature is without authority to do so. Relator's property is subject to assessment for taxation like the property of any other corporation or natural person. Its assessment is governed by Secs. 12752, 12756, 12766, 12775, R. S. 1919. (5) Section 6386, as construed by relator, is unconstitutional and void for the reason that it violates Sections 3, 4, 6 and 7, Article 10, Constitution of Missouri. State ex rel. v. Shipman, 290 Mo. 65; Standard Ins. Co. v. Atlanta, 151 Ga. 153; Railway v. Worthen, 46 Ark. 312, 120 U. S. 97; In re Assessment & Collection of Taxes, 4 S. Dak. 6; Life Assn. of America v. Board of Assessors, 49 Mo. 512; St. Louis Ins. Co. v. Board of Assessors, 56 Mo. 503; Judson on Taxation in Missouri, p. 217. (6) The assessment in this case is not an assessment of relator's capital stock, but of its solvent notes secured by mortgage or deed of trust, and solvent bonds, whether state, county, town, city, township, incorporated or unincorporated companies. (7) To permit relator to withhold its taxable bonds and its cash on hand and in banks from assessment for taxation would be to amend the Constitution by nullifying the general property tax. State v. Ry. Co., 77 Mo. 202; Judson on Taxation, p. 52.

WALKER, J.—This is an original proceeding by *certiorari* to test the validity of an assessment made by the Assessor and the Board of Equalization of the City of St. Louis upon the capital stock of the relator, a domestic fire insurance company, as of June 1, 1924, for the taxes of 1925.

In the fall of 1924 the Assessor served a notice upon the relator in the statutory form for the making of a return of its state, city and school taxes for 1925. The return made by the relator showed that it owned no real estate; and that the net value of all of its other assets in excess of the legally required reserve necessary to reinsure outstanding risks and to satisfy any unpaid policy claims was $127,304.63.

The Assessor ignored this return and assessed the relator in the sum of $1,000,000, the par value of its capital stock. The relator appealed from this assessment to the Board of Equalization of the City of St. Louis. A hearing was had before the board, and the showing was made that the net value of all of relator's assets in excess of its legally required reserve necessary to reinsure its outstanding risks and to satisfy any unpaid policy claims was as stated in its return of $127,304.63.

The board annulled and held for naught the relator's return, confirmed the action of the Assessor, and ordered the assessment of $1,000,000, for the purpose of taxation, be made and extended against the relator. The Assessor thereupon extended said assessment upon the tax books of said city. The relator was permitted to have entered upon the record of the board its protest against said action, and it thereupon filed with the Comptroller of said city a petition, asking that this error in the assessment be corrected, which was refused.

Respondents thereupon filed as their return a stipulation which sets forth the tax return of the relator, shows the action of the Assessor and the Board of Equalization, the appeal by the relator from the action of the Assessor; and that the citation of the board is correctly set out in the relator's petition for *certiorari,* as well as the order of the board; and that the Assessor of said city proceeded, in conformity with the order of the board, to assess and did assess the relator for taxes as of June 1, 1924, in the sum of $1,000,000, on the tax books in the office of the Assessor; and that as such Assessor he has extended that assessment as of said date against the relator in the tax books of the city.

The stipulation further sets forth that the rate of taxation in the city of St. Louis for the year 1925, is $2.57 on each hundred dollars' assessed valuation.

Thereafter relator filed its motion for a judgment on the pleadings.

The gross assets of the relator as shown by its return made to the Assessor of June 1, 1924, amounted to $7,872,706.26; from this it deducted its reserve for its policyholders and unpaid losses, its uncollected premiums, stock in other corporations, money deposited outside of the State, special deposits, foreign securities and United States Government securities, all of which amounted to $7,745,401.63, leaving a balance of $127,304.63, which the relator contends was the amount of its taxable assets under the statute.

I. A tax upon whatever character of property it is sought to be levied is a pecuniary burden imposed by legislative authority upon the property of a citizen for the support of the government. The

Legislature, subject to the constitutional limitation upon state power
in this respect, alone has the authority to determine the
time, amount, nature and purpose of the taxes to be levied.
The power of taxation, while a sovereign right of the
State, may be exercised with respect to all persons, things and business activities which exist under the protection of its laws, provided clear and express statutes have been enacted for that purpose. [Amer. Mfg. Co. v. St. Louis, 270 Mo. 40; State ex rel. Karrenbrock v. Trust Co., 209 Mo. l. c. 490; Carondelet v. Picot, 38 Mo. 130.] Such statutes operate *in invitum* and they should be strictly construed—this upon the presumption that the Legislature in the comprehensive exercise of this exclusive authority and the searching nature of its extent as to the power of taxation, has not only freed the statute from any doubt or ambiguity, but has so framed it that everything necessary to the assessment, levy and collection of the taxes on the property upon which the burden is sought to be imposed, may be clearly indicated. Guided by these general rules of interpretation a review of the statutes authorizing the taxation of domestic insurance companies should enable the question here seeking a solution to be determined.

II. These statutes are Sections 12775 and 6386, Revised Statutes 1919. The relevant portion of Section 12775 is as follows: "The property of manufacturing companies and other corporations named in Article VII, Chapter 90, insurance companies organized under the laws of this State and all other corporations, the taxation of which is not otherwise provided for by law, shall be assessed and taxed as such companies or corporations in their corporate names."

The remainder of this section has reference to the making of returns of stock in banks and the duties of county clerks in regard thereto.

Section 6386 is as follows: "The property of all insurance companies organized under the laws of this State shall be subject to taxation for state, county, municipal and school purposes, as provided in the general revenue laws of this State in regard to taxation and assessment of insurance companies. Every such company or association shall make returns, subject to the provision of said laws: First, of all the real estate held or controlled by it; second, of the net value of all its other assets or values in excess of the legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims, which net value shall be assessed and taxed as the property of individuals: *Provided,* that the premium notes held by fire insurance companies organized on the mutual plan shall not be returned as assets; and *provided further, however,* that nothing

herein shall operate to exempt from such taxation the paid-up cap ital stock of such companies.''

No mention is made in Section 12775 of the form or method of return for taxation required to be made by any of the corporations therein named, except banks, to which, as stated, the remainder of the section is devoted.

The returns of business and manufacturing companies is provided for in Section 12774 and the returns required to be made by insurance companies of their assessable property is found in Section 6386, supra. There is no lack of harmony between Sections 12775 and 6386. The one simply provides that the property of an insurance company shall be assessed under its corporate name, while the other prescribes the form of the return and the manner of the assessment. The purpose of Section 6386 was to provide for a detailed method by which the value of the taxable property (other than real estate) of insurance companies might be subjected to taxation. The determination of the value of the property for taxation was entirely aside from the question as to whether the company itself or its shareholders were to be assessed. This method of assessment of insurance companies does not ignore the words ''which net value shall be assessed and taxed as the property of individuals'' any more than the method of assessing shares of stock in banks (Sec. 12775, by deducting deposits of the bank from its assets) ignores the words that ''such shares, reserve funds, undivided profits, premiums or earnings and all other values so listed to the Assessor shall be valued and assessed as other property at their true value in money, . . .'' The above quoted provision in Section 12775 has the same meaning in that section as the words ''assessed and taxed as the property of individuals'' does in Section 6386. To assess property in the corporate name, as provided in Section 12775 does not necessarily mean to assess it as the property of individuals, nor does it necessarily mean to assess it as all other property is assessed. The section (12775) does not relate to the method of assessment or valuation of the property, but merely to the name under which the assessment is to be made. Unless the provisions of Section 6386 are invoked the assessment and taxation of insurance companies would be incomplete, in that no other statute prescribes the manner in which they are to be assessed. This section supplements Section 12775, so far as concerns insurance companies, and provides for the method of their assessment and taxation. Section 12775 is a general statute relating not only to insurance companies, but to business and manufacturing companies and incorporated banks, private bankers, brokers, money brokers and exchange dealers, whereas Section 6386 deals exclusively with the assessment of insurance companies in an express and definite way.

The rule of law in the interpretation of statutes under the facts in this case is as follows:

"Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to or qualification of, the prior general one; and where the general act is later, the special act will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication." [36 Cyc. p. 1151.]

The foregoing rule has frequently received the approval of this court. It is succinctly stated in Ackerman v. Green, 201 Mo. l. c. 244, in these words: "Where a statute in relation to special proceedings is complete in itself and covers the entire subject, it is exclusive, and the proceedings under it are governed solely by its provisions" citing cases.

A brief review of the former legislation in respect to the taxation of insurance cannot but aid in the interpretation of the present statutes in regard thereto.

Prior to the year 1911, under Section 11357, Revised Statutes 1909, the shares of stock in insurance companies were assessed and taxed in the same manner as were the shares of stock in banks. This fact is pointed out in State ex rel. Campbell v. Brinkop, 238 Mo. l. c 309, in which it was said: "Shares of stock in an insurance company are taxes in the same manner as shares of stock in a bank. Banks and insurance companies are not assessed for taxation on the personal property owned by them, they are assessed only on their real estate; the only tax on the personal property belonging to those corporations is levied in the form of a tax on the shaares of stock held by the stockholders."

In 1911, Laws 1911, p. 417, Section 11357, supra, was repealed and a new section enacted, which is now Section 12775. The effect of this repeal was to eliminate from taxation the shares of stock in insurance companies, leaving no provision whereby the capital of such companies could be taxed. The respondents contend, however, that the proviso in Section 6386 to the effect "that nothing herein shall operate to exempt from taxation the paid up capital stock of such companies" is in itself authority for the taxation of such stock. At the time Section 6386 was enacted and until 1911, as stated, the law did specifically provide for the taxation of the capital stock of insurance companies as well as the stock of banks. Under the statute therefore (Sec. 11357, R. S. 1909) which then authorized the taxa-

tion of the shares of stock of insurance companies the proviso was applicable, the specific authority for the taxation therein referred to being then in force. However, since the repeal of Section 11357, supra, there is no law authorizing the taxation of the capital stock of insurance companies, and the proviso, while not affecting the validity of the remainder of Section 6386, can have no practical application, so far as concerns the assessment and taxation of the capital stock of insurance companies, until a statute has been enacted providing for the same. It cannot be contended with any regard for the rules of interpretation that the proviso does this. The declaration in the proviso that nothing in the section (6386) shall operate to exempt the stock of insurance companies from taxation is, when its meaning is measured by its own words, simply declaratory of the inhibition of the Constitution under which no property is exempted from taxation other than that therein specified. Non-exemption, however, does not carry with it the right of taxation in the absence of a statute authorizing the same.

We reiterate what we have heretofore stated in the general rules of interpretation that, in view of all the previous legislation on this subject, and in the presence of the specific terms of Section 6386 defining the manner in which the property of domestic insurance companies should be taxed, and in the absence of any statute which, under a reasonable application can be held to confer the power to assess and levy a tax upon the capital stock of domestic insurance companies, the attempted exercise of such a power is unauthorized.

If other than the recognized rules of reason were required to confirm this conclusion precedents in support of same are not lacking.

We said in Valle v. Ziegler, 84 Mo. 219: "In order that property may be taxed, it must, by law, be subject to taxation. It is not sufficient that the Legislature might have subjected it to taxation. [State v. St. Louis, K. C. & N. Ry. Co., 77 Mo. 202.] The General Assembly has declared what property of the citizen shall be embraced in his tax list, and this property is not named."

Judge LAMM, in his usual graphic style, said, in the case of Leavell v. Blades, 237 Mo. 1. c. 700, that: "When the tax gatherer puts his finger on the citizen he must also put his finger on the law permitting it."

In addition, this court says in State ex rel. v. Lesser, 237 Mo. 1. c. 318: "The sovereign power of the State to require its citizens to pay taxes on all their personal property, or on what they own representing their interests in personal property, within or without the State, may, for the purposes of this case, be conceded. But, conceding that the State has the power to tax such interests, it does not follow that such interests are taxed unless the law so declares."

III.   We have shown that there is no lack of harmony between Sections 12775 and 6386 and in so doing we have defined the province and purpose of each of these statutes.   We find no merit in the contention that the enactment of Section 12775 effected a repeal of Section 6386.   For fourteen years, or since the enactment of Section 12775, the taxing authorities of the city of St. Louis have assessed insurance companies under their corporate names as required by Section 12775; and have pursued the method prescribed in Section 6386 in the assessment and taxation of such companies.   The un-varying construction of the legislative intent during all of these years is more than persuasive when we consider that when Section 12775 was enacted in 1911, Section 6386 was in full force and effect and so continued, as is evidenced by legislative enactment and judicial decisions; as to the first, in 1913 (Laws 1913, p. 384; now Sec. 6397, R. S. 1919) it was provided that domestic life insurance companies shall make return of their property for taxation as provided in Section 7098, Revised Statutes 1909 (now Sec. 6386, R. S. 1919); as to the second, this court in 1917, in State ex rel. Auto Ins. Co. v. Schramm, 271 Mo. 1. c. 226, recognized the validity and operative force of Section 6386 in holding that: ''The statute (Sec. 7098) [now 6386] prescribes a system of taxation of net assets.   Section 7013 [now Sec. 6222, R. S. 1919] designates the reserve as a liability, and Section 7098 requires this liability, and those for unpaid losses, to be deducted from the net assets in order to arrive at the taxable property of the company, and requires such net assets to be assessed and taxed as the property of the individuals.''

To hold therefore that Section 6386 has been repealed we must ignore the uniform recognition for fourteen years of its operative force by the taxing authorities; the legislative declaration of its existence as a valid enactment in 1913, and a like judicial pronouncement in 1917 in the Schramm case.   We have no hesitancy in holding that the section (6386) is not repealed, nor has it been stripped by any subsequent legislation of its operative force.

IV.   The contention that the assessor in ignoring the return of the relator and in substituting therefor the capital stock of the company at its par value was taxing the property of the latter and

**Chopping Logic.**   not its capital stock is at most sophistical reasoning or a mere chopping of logic.   By whatever term the respondent may designate his act it was clearly an assessment arbitrarily made by him which was not in accordance with the provisions of any statute in not being made as required by Section 6386.   In this connection a fertile field is presented for the discussion of the question as to what, under the act of the assessing authorities in this case, is

meant by "capital stock," but such a discussion is not necessary to the determination of the matter at issue

V. It is further contended that Section 6386 is invalid in that it violates that provision of the Constitution which prohibits the exemp-

**Exemption.**  tion of any property from taxation other than that enumerated. This likewise invites discussion, but in view of what we said in State ex rel. Auto Ins. Co. v. Schramm, supra, we regard this contention as having been settled adversely to the respondents. The ruling in the Schramm case was as follows:

"We do not agree that the reserve and the unpaid losses deductible under the terms of the statute constitute an exemption in the sense in which respondents use the word. In a general sense this is true (State ex rel. v. Board of Equalization, 256 Mo. 1. c. 463), but not, in the circumstances of this case, in the sense in which respondents employ the term. 'Revenue laws sometimes permit taxpayers to deduct from the property to be taxed the debts owing by them The allowance is not in any proper sense an exemption, but is made by way of reaching the just amount of taxable property.' "

VI. That the Legislature in addition to the method of taxation prescribed in Section 6386 may provide for the taxation of the capital stock of domestic insurance companies is not to be questioned, but that this has not been done is demonstrated by the review and analysis of the statutes heretofore made. We are not concerned, however, with what the Legislature may do, but with what it has done. Its inaction in this matter limits the taxing authorities in the assessment of domestic insurance companies to the provisions of Section 6386 and the record of the respondents should be quashed.

It is so ordered. All concur.