THE STATE OF MISSOURI EX REL. BEN C. HYDE, Superintendent of Insurance Department of State of Missouri, in Charge of Equitable Surety Company, and EQUITABLE SURETY COMPANY v. WILLIAM BUDER, as President of Board ˙of Equalization and as Assessor of City of St. Louis, and EDMOND KOELN, as Collector of City of St. Louis.

Court en Banc, October 8, 1926.

1. **CONSTITUTIONAL QUESTION: Earliest Opportunity: Certiorari: Raised in Brief.** To question the constitutionality of a statute is a matter of grave importance, and objections to its validity should be advanced at the earliest practical moment of the proceeding. In an original proceeding by certiorari in this court, wherein a copy of the petition and suggestions in support thereof was served upon respondents many months before the oral argument, and respondents filed suggestions in opposition thereto and were advised by the copy that relators were relying upon a named statute as the basis of their cause of action, but in their suggestions in opposition respondents stated no constitutional objections to the statute, an assault upon its constitutionality, made in their brief filed a few days before the case was argued, came too late, and the constitutional question thus raised is treated as untimely raised.

2. **REVISED STATUTES: Enactment: Substitute for Revised Bill.** The verity of volumes containing session acts and of sections contained in the Revised Statutes cannot be questioned except by original documents on file in the office of the Secretary of State. Where a revision bill affecting trade and commerce in general was offered in the Senate at the revising session of 1879, and a substitute to revise and amend the insurance laws was introduced, and was amended by striking out the then existing tax feature and inserting in lieu thereof what is now the section relating to the taxation of domestic insurance companies (Sec. 6386, R. S. 1919), and as thus amended the substitute was passed by both houses and signed by the Governor, as shown by the printed journals, the fact that the section appeared for the first time in the Revised Statutes 1879 and as a section of a revised bill, does not prove that it was never enacted; on the other hand, such being its origin and progress until final approval, it. is accepted as an integral part of the state law.

3. **STATUTE: Repeal by Implication.** Repeals by implication are not favored, and the presumption is always against an intention to repeal where express terms are not used.

4. ———: **Taxation of Insurance Companies: Repeal by Act of 1891.** Section 6386, Revised Statutes 1919, enacted in 1879 and relating to the assessment and taxation of domestic insurance companies, was not repealed by the Act of 1891, which amended only Section 7538, Revised Statutes 1889, found in a different article and relating to corporations generally. Aside from the presumption against repeal by implication, as the assessment and taxation of domestic insurance companies had been previously provided ·for by the Act of 1879, the Act of 1891 manifests a purpose on its face to except such companies from its operation by providing that the property of all corporations, "the taxation of which is not otherwise provided by law," shall be assessed and taxed as the property of individuals.

5. ———: **Special Statute: Exception to General Statute.** The Act of 1879 (Sec. 6386, R. S. 1919) was a special law, affecting only domestic insurance companies, whereas the Act of 1891 was a general law, affecting corporations generally; and the rule of construction is that a later statute, general in its terms and not expressly repealing a prior special statute, will not ordinarily affect the special provisions of the earlier statute, but if there be any repugnancy the special will prevail over the general statute.

6. **TAXATION: Domestic Insurance Companies: Reserves.** The reserves of domestic insurance companies are not proper subjects of taxation under the statute (Sec. 6386, R. S. 1919), and assessment officers have no authority to assess the value of such reserves against the company.

7. ———: ———: **Act of 1911.** Section 12775, Revised Statutes 1919, which is the Act of 1911, enacted in lieu of the Act of 1891, is general in its nature, and neither in terms nor by implication does it repeal Section 6386, which was enacted in 1879 and is the special statute relating to the assessment and taxation of domestic insurance companies; and therefore the property of such companies is not subject to assessment for taxation against such companies.

Corpus Juris-Cyc. References: **Constitutional Law**, 12 C. J., Section 212, p. 780, n. 98; Section 217, p. 785, n. 63. **Statutes**, 36 Cyc., p. 1068, n. 4; p. 1071, n. 25; p. 1072, n. 26, 27, 28; p. 1087, n. 92; p. 1088, n. 93. **Taxation**, 37 Cyc., p. 812, n. 29; p. 839, n. 24 New; p. 915, n. 9; p. 1129, n. 82 New.

*Certiorari.*

RECORD QUASHED.

*Jourdan & English, T. M. Pierce* and *Samuel H. Liberman* for relators.

(1) Only the net value of assets of an insurance company are taxable and, since the legal reserve and the unpaid policy claims of the Equitable Surety Company exceeded the value of its gross assets, there were no net values subject to tax. Sec. 6386, R. S. 1919; State ex rel. Automobile Ins. Co. v. Schramm, 271 Mo. 223. (2) The Superintendent of the Insurance Department, having possession of the property of the Equitable Surety Company, is not subject to taxation on said property where it would not be taxable in the possession of the Surety Company. Rosenblatt v. Johnston, 104 U. S. 462, 26 L. Ed. 832; McFarland v. Hurley, 286 Fed. 365; Coy v. Title Guarantee Co., 220 Fed. 90; 8 Fletcher, Cyc. Corp., p. 8898.

*Oliver Senti* and *Charles J. Dolan* for respondents.

(1) The statute upon which relators take their stand (Sec. 6386, R. S. 1919) violates the Constitution of the State. The allowance of the deductions authorized by this section would violate Section 4 of Article X of the Constitution, requiring that all property subject to taxation shall be taxed in proportion to its value. Whenever the de-

ductions allowed under this section exceeded the total value of the taxable property, as in the instant case, Sections 6 and 7 of Article X, prohibiting unauthorized exemptions, would be violated. Life Assn. v. Board of Assessors, 49 Mo. 512; St. Louis Ins. Co. v. Board of Assessors, 56 Mo. 503; Standard Ins. Co. v. City of Atlanta, 151 Ga. 153; Railway v. Worthen. 46 Ark. 312, 120 U. S. 97; In re Assessment and Collection of Taxes, 4 S. Dak. 6, 54 N. W. 818; Judson on Taxation in Missouri, 217; State ex rel. v. Shipman, 290 Mo. 65. (2) Section 6386 relates exclusively to the method of fixing the assessment of shares of stock in domestic insurance companies. Such shares are no longer taxed. The property of each domestic company is now assessed directly against the company. Accordingly, Section 6386, does not govern the method of assessment of property held in charge by relators. State ex rel. v. Catron, 118 Mo. 280; State ex rel. v. Shryack, 179 Mo. 424; Laws 1911, p. 417. (3) Section 6386 was repealed by implication by the Act of the General Assembly approved April 1, 1891, providing for a method of returns to be made by insurance companies in conflict with the method provided by Sec. 6386, R. S. 1919. Laws 1891, p. 195. (4) Section 6386 was never enacted by the General Assembly of Missouri. It has only been construed by the court once, and on that occasion neither its constitutionality nor its authenticity was in question. R. S. 1879, sec. 6056; Journals of 30th General Assembly. (5) The reserves of insurance companies are proper subjects of taxation and are assessable only against the companies. St. Louis Ins. Co. v. Charles. 47 Mo. 462, 56 Mo. 503; Life Assn. v. Board of Assessors, 49 Mo. 512; Kansas City Life Assn. v. Hill, 51 Kan. 636; Kenton Ins. Co. v. City of Covington, 86 Ky. 213; Republic Life Ins. Co. v. Pollak, 75 Ill. 292; Sun Mutual Ins. Co. v. City of New York. 8 N. Y. 241; Standard Life Ins. Co. v. City of Atlanta, 151 Ga. 153. (6) Under the law of Missouri, the property of insurance companies is subject to assessment for taxation against such companies. R. S. 1919, sec. 12775.

ATWOOD, J.—This case comes to the writer on reassignment. It is an original proceeding in this court to quash the assessment made by the Assessor of the City of St. Louis and its Board of Equalization, and to annul the tax bill issued thereon by the Collector of Revenue of the City of St. Louis, against the assets of the Equitable Surety Company, a domestic insurance corporation, now in the hands of Ben C. Hyde, Superintendent of the Insurance Department of the State of Missouri, under a decree of the Circuit Court of the City of St. Louis.

In July, 1919, on application of the then State Superintendent of Insurance, the Equitable Surety Company was declared to be in-

solvent by the Circuit Court of the City of St. Louis, and by the terms of its decree the Superintendent of the Insurance Department took over the assets of the Surety Company and the company was en-. joined from doing business until the further order of the court. The company has never been dissolved, but still maintains its corporate existence.

The relators made their tax return to the city of St. Louis, showing assets in the amount of $412,212.17, consisting of taxable bonds in the amount of $369,100; a certificate of deposit in the amount of $20,000; cash in the amount of $19,411.17; shares of stock in a railroad corporation of the value of $2967; and Liberty Bonds of the value of $769. From this total of assets relators claimed deductions on account of reserve on deposit with the Superintendent of the Insurance Department and unpaid policy claims, under the provisions of Section 6386, Revised Statutes 1919, amounting in the aggregate to $525,000. The Board of Equalization found that there was a reserve of $200,000 and that there were unpaid policy claims to the amount of $325,000, but held that these were not deductible from the gross assets of the Equitable Surety Company in the hands of the Superintendent of Insurance, and ordered an assessment against the ''Equitable Surety Company, E. H. Benoist, Special Deputy Finance Commissioner in charge,'' of $400,000. Respondent Koeln, Collector of Revenue, issued a tax bill based on this assessment amounting to $9880.

Respondents filed returns showing their action as above stated. Relators do not make any technical point on the verbiage of the assessment or return, but stand squarely on the proposition that they are entitled to the deductions specified in Section 6386, Revised Statutes 1919.

I.   Respondents, in their brief filed a few days before this case was argued, assert that Section 6386, Revised Statutes 1919, violates Section 4 of Article X of the Missouri Constitution, which requires that all property subject to taxation shall be taxed in proportion to its value, and Sections 6 and 7 of Article X, which prohibit unauthorized exemptions. Section 6386, Revised Statutes 1919, is as follows:

**Constitutional Question: Untimely Raised.**

''The property of all insurance companies organized under the laws of this State shall be subject to taxation for state, county, municipal and school purposes, as provided in the general revenue laws of this State in regard to taxation and assessment of insurance companies. Every such company or association shall make returns, subject to the provisions of said laws: First, of all the real estate held or controlled by it; second, of the net value of all its other assets or

values in excess of the legally required reserve necessary to reinsure its outstanding risks and of any unpaid policy claims, which net values shall be assessed and taxed as the property of individuals: *Provided*, that the premium notes held by fire insurance companies organized on the mutual plan shall not be returned as assets; *and provided further, however*, that nothing herein shall operate to exempt from such taxation the paid-up capital stock of such companies."

In their printed suggestions in opposition to relators' application for *certiorari*, filed some months previous, respondents failed to raise any constitutional question, and in their reply brief relators say that respondents' constitutional objections should not be now considered for the reason that they were not raised at the earliest opportunity within the rule laid down by this court.

The rule is thus succinctly stated by Judge GRAVES in George v. Railroad, 249 Mo. 1. c. 199: "If a law is plainly relied upon by the plaintiff, as here, and defendant desires to challenge that law upon constitutional grounds, it should be done at the earliest practical moment, and in addition, a finger should be placed upon the provisions of the Constitution violated. This has been so long and well ruled that the mere mention of the ruling should suffice." Also, in Lohmeyer v. Cordage Co., 214 Mo. 685, l. c. 689, Judge LAMM speaking for this court said: "But it must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived."

The instant case is an original proceeding in this court, and it may be that our writ was not such as would properly require respondents to state their constitutional objections in their return, but a copy of relators' petition and suggestions in support thereof was served on respondents many months before oral argument, and they filed printed suggestions in opposition thereto. This was respondents' earliest opportunity in the course of orderly procedure to raise these constitutional questions in this court. It would seem that in all candor and fairness and under our oft repeated rule they should have done so. The rule has most frequent and apparent application in cases that reach us on appeal from court judgments below where timely lodgment is essential to obtain a proper presentation to and judgment of the trial court, and in original proceedings before us it is conceivable that the same reason exists in support of the rule. The circumstances of the instant case will serve to illustrate. Respondents were advised by service of a copy of relators' petition about to be filed in this court that relators were relying upon Section 6386, Revised Statutes 1919, and when respondents filed suggestions in opposition to the issuance of our writ of *certiorari* they

should, in fairness to relators and to this court, have stated their constitutional objections. We were entitled to have the views of the relators as well as those of respondents on these constitutional questions fully briefed and presented to us on the oral argument, and of this we are in a large measure deprived because of respondents' failure to raise these questions at the earliest moment that orderly procedure would permit. Questioning the constitutionality of an act of the Legislature is a matter of such grave importance that the objections should be advanced at the earliest practical moment, to the end that they may be fully and fairly presented and dealt with by all the parties litigant, and the well advised judgment of the court had thereon. We think the rule is not without application in this case, and respondents' constitutional questions will be treated as untimely raised.

II. Respondents also suggest that Section 6386, Revised Statutes 1919, has apparently never been enacted. They say that it appears for the first time in the Revised Statutes of 1879 as Section 6056;

**Section of Revised Bill.** that reference to the preface of the Revised Statutes of 1879 discloses that this section was a section of a revised bill, and that the journals of the Senate and House are silent regarding the passage of any such revised bill.

The General Assembly is required by our Constitution to revise all statutes of a general nature at stated intervals, and under our ruling in Langston v. Canterbury, 173 Mo. l. c. 129, the Revised Statutes "are as authoritative as the volumes containing session acts, and whilst it is possible for error or mistake to creep into one as well as the other, yet the verity of either cannot be questioned except in the face of the original documents on file in the office of the Secretary of State." However, while House Bill 458 of the session of 1879, relating to insurance taxes, was laid on the table, yet the session of 1879 was a revising session and an examination of the journals of the House and Senate of that year discloses that Senate Bill 82 was a revision bill affecting trade and commerce in general, and several substitutes were introduced for Senate Bill 82, among them being Substitute 4, which was an act to revise and amend the insurance laws of the State of Missouri. It appears on page 519 of the Senate Journal for that session that this substitute was amended by striking out the then existing tax feature and inserting in lieu thereof what is now Section 6386, Revised Statutes 1919. As thus amended the bill was passed by the Senate (cf. Senate Journal 1879, p. 733), by the House (cf. House Journal 1879, p. 1469), and was signed by the Governor. [See Senate Journal 1879, p. 991.] The statute thus became an integral part of the state law and has been

on our statute books ever since. This point is ruled against respondents.

III. Respondents urge that Section 6386, Revised Statutes 1919, relates exclusively to the method of fixing the assessment of shares
of stock in domestic insurance companies, and that it
**Repeal by** was repealed by implication by the Act of the General
**Act of 1891.** Assembly, approved April 1, 1891, providing for a different method of return to be made by insurance companies.

The repeal of statutes by implication is not favored by the courts, and the presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to appeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed. [36 Cyc. 1071-72.] The Act of 1891 contains no repealing clause save as to Section 7538, Revised Statutes 1889, and respondents do not point out any clearly expressed intention to repeal the Act of 1879, which was Section 5957, Revised Statutes 1889, now Section 6386, Revised Statutes 1919. The act, in reality, amends Article 2, of Chapter 138, Revised Statutes 1889, by repealing Section 7538 and being enacted in lieu thereof. Its very language precludes any intention to repeal any other section. This much appears from a reading of the first sentence which is as follows (italics ours) : ''The property of manufacturing companies and other corporations named in article eight chapter forty-two, and of all other corporations, *the taxation of which is not otherwise provided for by law* shall be assessed and taxed as the property of individuals.'' Article 8, Chapter 42, named only manufacturing and business corporations. Insurance companies were included in the general designation of ''all other corporations,'' and a plan of assessment and taxation had already been provided for domestic insurance corporations by the Act of 1879, which the Legislature evidently did not intend to repeal.

Furthermore, the Act of 1879, now Section 6386, Revised Statutes 1919, was a special law affecting only domestic insurance companies, while the Act of 1891 was a general law affecting corporations generally. It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute. [Rodgers v. United States, 185 U. S. 83.] The two statutes should be harmonized if possible, but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. [36 Cyc. 1151; Folk v. St. Louis, 250 Mo. 116-136.] We hold that Section 6386, Revised Statutes 1919, has not been repealed. This is in line with our ruling on the same point in State ex rel. American Central Ins. Co. v. Gehner, 280 S. W. 416.

IV. Respondents next contend that the reserves of insurance companies are proper subjects of taxation and are assessable only against the companies. To hold that the reserves of a domestic insurance company are proper subjects of taxation would be to **Reserves.** ignore the plain terms of the statute which we have just ruled has not been repealed. The Missouri decisions cited by respondents as supporting their contention were handed down long before the passage of this law, and the cases cited in other jurisdictions are also not in point.

V. Respondents' last claim is that, "under the law of Missouri, the property of insurance companies is subject to assessment for taxation against such companies," citing Section 12775, Revised Statutes 1919, which is the Act of 1911, enacted in lieu of the Act of 1891. This act is also general in its nature, and neither in terms nor by implication does it repeal the special Statute 6386, Revised Statutes 1919. [State ex rel. American Central Ins. Co. v. Gehner, 280 S. W. 416, supra.]

Ruling upon all matters properly before us we hold that the record of respondents should be quashed, and it is so ordered. All concur, except *Graves, J.,* absent.