In Re Application of SILAS TEVIS ET AL. for Establishment of Public Road v. C. W. FOLEY, Appellant.—30 S. W. (2d) 68.

Division One, July 9, 1930.

*H. T. Williams* and *George P. Longan* for appellant.

1052

*Barnett & Hayes* for respondents.

FRANK, J.—This is an appeal from a judgment of the Circuit Court of Pettis County establishing a public road under the provisions of Article I, Chapter 98, Revised Statutes 1919, as amended.

The proceedings were instituted in the County Court of Pettis County by respondents as petitioners. Appellant and others filed a remonstrance in the county court, remonstrating against the establishment of the proposed road. The cause was heard in the county court and that court rendered a judgment establishing said proposed road. On appeal to the circuit court the cause was there tried anew, resulting in a judgment of that court establishing the proposed road, from which judgment an appeal was granted to this court.

Respondents have filed a motion to dismiss the appeal and the motion was taken with the case. The ground of the motion is that no appeal lies from a judgment of the circuit court establishing a public road. The statute on which respondents rely is Section 10629, Revised Statutes 1919. This section, after providing for an appeal from the judgment of the county court to the circuit court, makes the following further provision:

"The circuit court shall proceed to hear and determine said cause anew, as other causes are determined, except that no commissioners shall be appointed by it, and six qualified jurors may constitute a jury for the trial of the question of damages in said cause, but the court shall determine and declare by its judgment whether said road shall be established, and if established, whether at the expense of the county, or the petitioners, or both, *and the judgment in said cause shall not be reviewed on appeal or by writ of error.*" (Italics ours.)

This statute plainly states that the judgment of the circuit court in this class of cases shall not be reviewed on appeal or by writ of error. This language means that no appeal lies from a judgment of the circuit court establishing a public road. The right of appeal is purely statutory and where the statute does not give such right it does not exist. [Dorris Motor Car Co. v. Colburn, 307 Mo. 137, 270 S. W. 339; Segall v. Garlichs, 313 Mo. 406, 281 S. W. 693; Manthey v. Kellerman Construction Co., 311 Mo. 147, 277 S. W. 927; Pfotenhauer v. Ridgway, 307 Mo. 529, 271 S. W. 50; Arcadia Timber Co. v. Evans, 304

Mo. 674, 264 S. W. 810; Bonfils v. Martin's Food Service Co., 299 Mo. 500, 253 S. W. 982.]

Appellant contends that Section 10629, Revised Statutes 1919, which respondents invoke as authority for dismissing the appeal in this case did not take away the right of appeal guaranteed by the general statute governing appeals. This general statute, among other things, provides that any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction. [Sec. 1469, R. S. 1919.]

Section 1469 is a general statute and deals with the right of appeal in comprehensive terms, while Section 10629 is a later and special statute and deals with the question of appeal in certain specified cases of which the case at bar is one. In this situation the rule of construction is that "where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view of giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to or qualification of, the prior general one; and where the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication." [Folk v. City of St. Louis, 250 Mo. 116, 157 S. W. 71; State ex rel. Ins. Co. v. Gehner et al., 280 S. W. 416; State ex rel. Hyde v. Buder, 315 Mo. 791, 287 S. W. 307; State ex rel. Monier v. Crawford, 303 Mo. 652, 262 S. W. 341.]

The right of appeal being purely statutory, the Legislature may give it or take it away. [Dorris Motor Car Co. v. Colburn, supra.] By the express terms of Section 10629, Revised Statutes 1919, no appeal lies from the circuit court in cases of this character. The attempted appeal herein is accordingly dismissed. All concur.