ENGEL SHEET METAL EQUIPMENT, Inc., a Corporation, Plaintiff-Respondent,

v.

Gordon H. SHEWMAN, Robert Burns, Myron Wayne Grigsby, Aircraft Tool & Manufacturing Company, a Corporation, National Stoker Company, Inc., a Corporation, and Joseph W. Mathews, Defendants-Appellants.

No. 45284.

Supreme Court of Missouri.

Division No. 1.

Feb. 11, 1957.

**435**

Benjamin B. Tepper, Jerome A. Gross, St. Louis, for plaintiff-respondent.

Kingsland, Rogers & Ezell, Estill E. Ezell, Glenn K. Robbins, St. Louis, for defendants-appellants.

WESTHUES, Judge.

Plaintiff, the Engel Sheet Metal Equipment, Inc., a corporation, filed this suit in October, 1954, in the Circuit Court of the City of St. Louis, Missouri, to enjoin the defendants Gordon H. Shewman, Robert Burns, and Myron Wayne Grigsby, along with others, from manufacturing and selling tools and a sheet metal working machine referred to as the "Metal Miracle" allegedly the counterpart of the "Duct Master." The suit was based on the theory that the defendants were using "trade secrets" of the plaintiff which had been illegally appropriated by the defendants. Plaintiff also asked "That the defendants account for and pay over to the plaintiff all profits realized by them upon sales of said machines and tools."

In May, 1955, a trial was had and the court enjoined defendants as prayed for in plaintiff's petition. The court in its decree appointed a Special Master to hold hearings on the accounting feature of the case and to report the result to the court with all convenient speed. On October 21, 1955, motions for new trial were overruled. From the decree entered, Shewman, Burns, and Grigsby appealed.

The only question presented on this appeal is whether the evidence supported the decree entered. The accounting feature of the case is not before us. Under the record, this court does not have jurisdiction of this appeal. There is no issue of damages before us for review. That question was not adjudicated by the trial court in the judgment entered. The record before us does not present any question which would vest this court with jurisdiction. Art. 5, § 3, Missouri Constitution of 1945, V.A.M.S. It is the duty of this court to determine whether it has jurisdiction. Barksdale v. Morris, Mo., 224 S.W.2d 84; Godefroy Mfg. Co. v. Lady Lennox Co., 339 Mo. 1107, 100 S.W.2d 271.

Since we do not have jurisdiction, we may not determine the question of whether the appeal is premature. We so held in Godefroy Mfg. Co. v. Lady Lennox Co., supra. Note the same case reported in Mo.App., 110 S.W.2d 803.

The case is hereby transferred to the St. Louis Court of Appeals.

All concur.