ENGEL SHEET METAL EQUIPMENT, Inc., a Corporation (Plaintiff), Respondent,

v.

Gordon H. SHEWMAN, Robert Burns, Myron Wayne Grigsby, Defendants-Appellants,

Aircraft Tool and Manufacturing Company, a Corporation, National Stoker Company, Inc., a Corporation, and Joseph W. Mathews, Defendants.

No. 29826.

St. Louis Court of Appeals. Missouri.

May 7, 1957.

Kingsland, Rogers & Ezell, Estill E. Ezell, Glenn K. Robbins, St. Louis, for defendants-appellants.

Benjamin B. Tepper, Jerome A. Gross, St. Louis, for (plaintiff) respondent.

DEW, Special Commissioner.

This is an action brought on the theory of unfair competition. The respondent sought to enjoin the defendants from the manufacture and sale of certain machines,

parts and tools alleged to be copied from designs belonging to the respondent, from soliciting respondent's customers and prospective customers or others in the sheet metal business, and prayed for an accounting by the appellants for profits made by them in such manufacture, sale and solicitation. From what they deemed to be a final judgment and decree of the court in favor of the respondent on the merits and ordering an accounting, the defendants Gordon H. Shewman, Robert Burns and Myron Wayne Grigsby have appealed.

The petition is in one count. The gist of it is that appellants Shewman, Burns and Grigsby, as former employees of the respondent, wrongfully made use of the information so obtained regarding respondent's designs and secrets pertaining to the manufacture and sale of a certain steel-cutting machine known as the "Duct-Master," and after leaving respondent's employ, Shewman and Burns formed a partnership, employed appellant Grigsby as a salesman, and proceeded to manufacture and sell a machine known as "Metal Miracle," and parts therefor, which infringed upon respondent's machine; that they used respondent's list of customers and prospective customers for such business, and conspired with and employed defendant Aircraft Tool and Manufacturing Company for such wrongful manufacture, which company was financed by defendants National Stoker Company and Joseph W. Mathews in such manufacture.

The respective defendants filed their answers in the nature of a denial of the controverted facts, and appellants Shewman and Burns filed a counterclaim which was dismissed by the court.

In view of the disposition which we find it necessary to make of this appeal, we need not state the evidence adduced at the trial.

The decree appealed from contained the following provisions pertaining to the injunction and an accounting, so far as they were made to apply to the appellants:

"Wherefore, It Is Ordered, Adjudged And Decreed, by the court, that the defendants, Gordon H. Shewman, Robert Burns and Myron Wayne Grigsby, and each of them, their agents, servants and employees and all other persons in their behalf directly or indirectly be, and they are hereby restrained and permanently enjoined:

"(A) From manufacturing 'Metal Miracle' machine or tool, or a similar machine or tool, or any of the parts thereof.

"(B) From selling 'Metal Miracle' machines or tool, or any parts thereof, or similar machines and tools, on their own behalf, or in behalf of any other person engaged in the business of manufacturing and selling machines and tools to the sheet metal industry.

"(C) And it is further Ordered, Adjudged And Decreed that the defendants Gordon H. Shewman and Robert Burns, copartners, under the firm name of 'Miracle Products Manufacturing Co.', state an account of all dealings and transactions touching the manufacture and sale of the Metal Miracle machine or tool, and its parts, or similar machines and tools; and account to plaintiff for the earnings and profits by them from such manufacture and sale; and they are required to produce before the Special Master hereafter named, all books, records, papers, bank accounts, and writings in their custody and control relating to said business or their dealings as partners, and the assets of said firm, and the said Special Master is empowered to examine said parties under oath as well as other witnesses, and he shall report the result of such accounting as well as the testimony taken with all convenient speed.

"Plaintiff will deposit Five Hundred Dollars ($500.00) as security for the costs of such accounting and Edwain Grossman, Esq., is hereby appoint-

ed Special Master to hear and report on said accounting".

Immediately following the above, the decree proceeds also to enjoin the defendant Aircraft Tool and Manufacturing Company from manufacturing or selling the "Metal Miracle" machine or parts thereof, to absolve the defendants National Stoker Company and Joseph W. Mathews, and to apportion the costs of the case among the remaining defendants.

Motions for new trial filed by the appellants, by defendant Aircraft Tool and Manufacturing Company and by the respondent, respectively, were heard and overruled, whereupon this appeal was taken.

This appeal was first taken to the Supreme Court of Missouri. That court ruled that since the only issue presented was the sufficiency of the evidence to support the decree, and since the issue of damages had not yet been determined, the record showed no question which would vest jurisdiction in that court, and the appeal was therefore transferred to this court. 298 S. W.2d 434. In the opinion of the Supreme Court transferring the appeal the court commented that in the absence of jurisdiction of the appeal, it could not "determine the question of whether the appeal is premature".

■ There has been no motion filed in the case to dismiss this appeal as premature. In its opinion transferring the appeal the Supreme Court reaffirmed the rule that a court must look to its jurisdiction, whether or not the same is challenged by any of the parties. See, also, Tevis v. Foley, 325 Mo. 1050, 30 S.W.2d 68; Deeds v. Foster, Mo., 235 S.W.2d 262, 265; Hahn v. Hahn, Mo.App., 287 S.W.2d 337, 341.

■ We turn our attention at the outset, therefore, to the question whether this appeal is premature. If it is, we have no jurisdiction to entertain it. A final judgment is defined by Section 511.020 RSMo 1949, V.A.M.S., to be "the final determination of the right of the parties in the action". Section 512.020 authorizes appeals from certain orders not involved in the case at bar, and from a "final judgment". For a judgment to be final for the purposes of appeal, it must dispose of all the parties and all the issues. Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo., 215 S.W.2d 444, 445; State ex rel. Thompson v. Terte (En Banc), 357 Mo. 229, 207 S.W.2d 487, 489; Kresge v. Shankman, Mo.App., 194 S.W.2d 716; Hance v. St. Louis-San Francisco Ry. Co., Mo.App., 283 S.W.2d 879. The statute does not permit appeals to be taken in "piece-meal". Godefroy Mfg. Co. v. Lady Lennox Co., Mo.App., 110 S.W.2d 803, 804.

■ In the interest of justice and to avoid prejudice, provisions are made for the trial court, in its discretion, to order a separate trial of any claim, counterclaim or third party claim in a jury trial in which a separate judgment may be rendered and which will be deemed final for purposes of appeal. Section 510.180, subd. 2 RSMo 1949, V.A.M.S. In cases tried before the court without a jury, the court may order a separate judgment therein which shall be deemed final for purposes of appeal, or may order a separate interlocutory judgment and order it held in abeyance to await judgment on all the claims, counterclaims or third party claims. Supreme Court Rule 3.29, 42 V.A.M.S. The case at bar being one tried without a jury, we look to the record to see if the court ordered a separate judgment "or entered a separate interlocutory judgment" which it "held in abeyance" until all other claims had been determined.

Prior to the judgment and decree here appealed from, the court, at considerable length, reviewed the evidence, announced the court's findings and conclusions in an oral memorandum opinion, and in the course of the same the court said: "In the petition herein, besides the prayer for injunction, there is also a prayer for an accounting. If plaintiff desires to have an accounting by Shewman and Burns, it may

have such relief, but the court will desire to have the accounting heard by a Special Master and plaintiff will be expected to deposit security for the cost of such proceeding". The court thereupon requested counsel for respondent to prepare a decree accordingly, subject to the approval of the court, from which we have quoted hereinbefore.

Unless the oral statement of the court prior to the decree, considered together with the provisions of the decree pertaining to the accounting, may be deemed to comply with Section 510.180, subd. 2, or with Supreme Court Rule 3.29 as to separate trials and separate appealable judgments, the present appeal is premature and unauthorized. We hold there was no order, such as required by that statute or rule, for separate trial and judgment on the issue of unfair competition and a separate trial and judgment on the issue of the amount of profits to be accounted for as decreed by the court.

The last ruling of the Supreme Court on the principles here involved was in the recent case of Anderson v. Metcalf, 300 S.W. 2d 377, 378. In that case there were two separate counts, one to set aside a deed as void for want of delivery during the lifetime of the grantor, and the second was for an account of a portion of the rents claimed to be due from the premises and collected since the death of the grantor. The case was tried to the court, and a judgment was entered declaring the deed void and ordering an accounting to be had and reported, subject to the approval of the court, as prayed, and appointing a special master to conduct the same.

Defendant in that case filed a motion for a new trial, which was overruled. After restating the requirements of the law as to the maturity of an appeal, the Supreme Court, in dismissing the appeal, said:

"The instant judgment did not fully dispose of the issues. It determined the issue raised by the first count but it includes only one step in the proceedings required to dispose of the second count. The court determined that the plaintiffs were entitled to an accounting, and ordered same, but the accounting has not been taken and the result thereof approved and final judgment rendered thereon. We therefore conclude that said judgment was interlocutory. The word 'interlocutory' has been defined as 'not final' and in a legal sense, is said to be 'something intervening between the commencement and the end of a suit which decides some point or matter, but which is not a final decision of the whole controversy.' 47 C.J.S. p. 85."

The Supreme Court cited its opinion in the earlier case of Adams v. Adams, Mo., 294 S.W.2d 18, which it said was decisive of the same question.

Under the clear and positive interpretation of the law by the authorities we hold that the part of the decree in the instant case from which this appeal is taken constitutes an interlocutory judgment, which, under the record, is not and cannot be a final and appealable judgment until the issues involved in the accounting for profits have been determined, approved by the court and made a part of the complete and final judgment disposing of all the issues in the case.

For the reasons stated, the appeal should be dismissed and the Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the court. The appeal is accordingly dismissed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.