This is an appeal by the defendants, City of Montgomery and Emory Folmar, from a declaratory judgment in favor of the plaintiffs. We affirm.
Plaintiff Robinson suffered a heart attack on June 28, 1980, while on duty as a fireman employed by the City of Montgomery. Following hospitalization and treatment, Robinson's physicians notified the City that Robinson was "100% permanently disabled as a firefighter." Thereafter Robinson requested of the City benefits under Act No. 26, Acts of 1962, commonly referred to as the "Trinity Act," and also under Act No. 565, Acts of 1975. Robinson's request was denied by the City of Montgomery on the ground that the "Trinity Act" was repealed by Act No. 565. Robinson then initiated this action, asking the trial court to declare that he was entitled to benefits under both Acts, and for other relief.
Defendants filed their answer, raising a number of defenses, including an attack upon the constitutionality of Act No. 26, and averring that Act No. 26 was repealed by the later passage of Act No. 565.
Following a hearing, the trial court found that the benefits granted by Act No. 565 were supplemental to those granted by Act No. 26, and that Robinson was entitled to receive benefits under both enactments. This appeal followed.
Defendants have raised three issues for our consideration,viz.:
1. Whether or not the trial court erred in holding that the benefits afforded by Act *Page 858 
No. 565 were supplemental to those benefits available under Act No. 26.
2. Whether or not Section 3 of Act No. 565 repealed by implication the exclusivity provisions of both Act No. 26 and those contained in Title 26, §§ 271 and 272, Alabama Code of 1940 (Recomp. 1958).
3. Whether or not Act No. 565 violates Section 45 of the Constitution of 1901.
All of these issues necessitate a review of the provisions of the terms of the legislative acts in question.
Act No. 26, the "Trinity Act," derives its origin from a fire which occurred at Montgomery in 1951. Three firemen lost their lives while fighting a fire at Trinity Presbyterian Church. At that time there were no laws under which a City of Montgomery employee could be compensated due to work-related injury. In response to this situation the Alabama Legislature enacted Act No. 233, Acts of 1951. This Act was a general act of local application with a population bracket of 57,000 to 127,000. It applied to cities within that population classification and provided that employees of such cities totally disabled in the performance of duty should receive a monthly benefit equal to one-half of their base monthly compensation at the time of the injury for the time such disability continued. It further provided that the city personnel board could order that such an employee be paid his regular compensation for a period not exceeding six months. Benefits were accorded the widow of a city employee who was killed or who died as a result of injury sustained in the line of duty, and benefits were also extended to minor children. This Act also contained an exclusivity clause:
 "Persons receiving benefits under this Act shall not be entitled to or receive any other benefits from the city or any agency thereof on account of disability or the death of any person."
In 1962 the legislature enacted Act No. 26 which, while containing the same coverage, benefits and exclusivity clause, amended the population classification of Act No. 233 by raising it to apply to city populations from 100,000 to 200,000.
Later, in 1975, the legislature enacted Act No. 565, a general act:
 "Section 1. After the effective date of this act, the provisions of the Code of Alabama 1940, Title 26, Chapter 5, shall be applicable to the employees of all counties and all municipalities having populations greater than 2,000 according to the most recent federal decennial census, and the provisions of the Workmen's Compensation Law shall govern in their employment. The employees of all counties and each municipality covered under the provisions of this act shall have available to them all the rights and remedies provided under Workmen's Compensation Law. The governing body of all counties and of each municipality covered under the provisions of this act shall file all necessary employer reports and notices required at the times and in the manner prescribed in the Workmen's Compensation Law.
 "Section 2. The Code of Alabama 1940, Title 26, Section 263, as last amended, is hereby further amended to read as follows:
 "`Section 263. Article 1 and 2 of chapter not applicable to certain employments. Articles 1 and 2 of this chapter shall not be construed or held to apply to domestic servants, to farm laborers whose employers have not filed an election to become subject to this chapter, or to persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession or occupation of the employer, or to any employer, who regularly employs less than four employees in any one business or to any municipalities having populations of less than 2,000 according to the most recent federal decennial census or school district. Any employer who regularly employs less than four employees in any one business, any farmer, or any municipalities having populations of less than 2,000 according to the most recent federal decennial census or school district may accept the provisions of articles 1 and 2 of this chapter by filing written *Page 859 
notice thereof with the department of industrial relations, a copy thereof to be posted at the place of business of said employer and provided further, that any employer who has so elected to accept the provisions of articles 1 and 2 of this chapter may at any time withdraw the acceptance by giving like notice of withdrawal.'
 "Section 3. The provisions of this act are supplemental and shall not be construed to repeal any laws not directly inconsistent herewith.
 "Section 4. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
 "Section 5. This act shall become effective 60 days after its passage and approval by the Governor or its otherwise becoming law."
Thus, under the "Trinity Act," a covered totally disabled municipal employee would receive a monthly payment equal to one-half of his monthly compensation for as long as that disability lasted. On the other hand, under Act No. 565 the employees would be entitled to "the actual cost of reasonably necessary medical and surgical treatment and attention, physical rehabilitation, medicine, medical and surgical supplies," Code of 1975, § 25-5-77, and a certain percentage of his average weekly earnings received at the time of the injury, over a period of time, subject to certain maximum and minimum amounts. Code of 1975, § 25-5-57. According to the testimony of plaintiff Robinson, then thirty-four years of age, should he have a normal life span, he would receive approximately $200,000.00 under the "Trinity Act." Under Act No. 565, however, he would receive a maximum of approximately $40,000.00 regardless of his life span.
To summarize, by its terms the local act, No. 26, makes its benefits exclusive. The general act, No. 565, placed covered city employees under the Workmen's Compensation Law, but made its provisions "supplemental" and mandated that Act No. 565 "shall not be construed to repeal any laws not directly inconsistent herewith."
The defendants argue that Act No. 565 made the entire Workmen's Compensation Act applicable to Montgomery's employees, including the surrender of other rights and remedies. Title 26, §§ 271, 272, Alabama Code of 1940 (Recomp. 1958); Code of 1975, §§ 25-5-52, -53. According to the defendants, this general enactment necessarily repealed Act No. 26 and made the remedy of workmen's compensation the exclusive remedy for employees such as Robinson. Defendants cite in support the language of § 272, supra:
 "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee . . . at common law, by statute or otherwise on account of said injury. . . ."
That provision of the workmen's compensation Act, unfortunately, does not alleviate the problem of ascertaining the legislature's intent when that body included Section 3 in Act No. 565. In other words, if Act No. 26 was to be repealed, why did the legislature not use language therein making Act No. 565 the "exclusive remedy" instead of stating that employees "shall have available to them all the rights and remedies provided under Workmen's Compensation Law"? Why did the legislature not add to that sentence "and shall be subject to the limitations of" or suitable limiting language? If such limiting language had been used, would there have been any purpose in stating that "[t]he provisions of this act are supplemental"?
In solving this dilemma, we are directed by the defendants toConner v. State, 275 Ala. 230, 153 So.2d 787 (1963), which concerned the question of repeal by implication. There this Court stated:
 "It is an established principle, adhered to in this jurisdiction, that a general law will not repeal by implication a local law — a law affecting a limited territory — although in form a general law, unless there is a manifestation of a different intent to be found in the statute. . . . And, for purposes of construction, an Act *Page 860 
based on a population classification, applicable at the time of passage to a limited area, is to be considered a local law, although in form a general law. . . ." (Citations omitted.) 275 Ala. at 233, 153 So.2d 787.
Although Act No. 565 applied only to municipalities having populations greater than 2,000, it also applied to employees of all counties and, therefore, was not solely based upon a population classification. For the purpose of applying the stated principle to this case, therefore, Act No. 565 is to be viewed as a general act. The question then presented is whether Act No. 565 repealed Act No. 26. Sutherland, Statutes andStatutory Construction (Sands 4th ed.) § 23.15 at 245 furnishes guidance in resolving that question:
 "The enactment of a general law broad enough in its scope and application to cover the field of operation of a special or local statute will generally not repeal a statute which limits its operation to a particular phase of the subject covered by the general law. . . . An implied repeal of prior statutes will be restricted to statutes of the same general nature, since the legislature is presumed to have known of the existence of prior special or particular legislation, and to have contemplated only a general treatment of the subject matter by the general enactment. Therefore, where the later general statute does not present an irreconcilable conflict the prior special statute will be construed as remaining in effect as a qualification of or exception to the general law.
 "However, since there is no rule of law to prevent the repeal of a special by a later general statute, prior special or local statutes may be repealed by implication from the enactment of a later general statute where the legislative intent to effectuate a repeal is unequivocally expressed. A repeal will also result by implication when a comprehensive revision of a particular subject is promulgated, or upon the predication of a statewide system of administration to replace previous regulation by localities." (Footnotes omitted.)
These principles find support in our decisions. See, e.g.,Hawkins v. City of Birmingham, 239 Ala. 185, 194 So. 533
(1940); Ex parte Jones, 212 Ala. 259, 102 So. 234 (1924);Conner v. State, supra; Heck v. Hall, 238 Ala. 274, 190 So. 280
(1939).
The question, of course, ultimately is one of ascertaining the legislative intent from the language used. Champion v.McLean, 266 Ala. 103, 95 So.2d 82 (1957).
Applying the cited decisions to the statutes in question, we conclude that the legislature, as it possessed the power to do, did make Act No. 565 supplement the benefits conferred by Act No. 26, and thus did not repeal the latter act so as to make the benefits of workmen's compensation exclusive. Indeed, the benefits of Act No. 26 could have been enlarged or supplemented by any device available to the legislature, such as amendment, or by a supplement provided by another enactment. The particular phrase on monthly benefits covered by Act No. 26 is only one part of and one form of benefit contained in the broader scope of Act No. 565, and we thus presume that the legislature considered and contemplated the general treatment of those benefits rather than to have specifically directed its attention to the subject matter of Act No. 26. Accordingly, Act No. 26 remains in effect as a qualification, i.e., a supplement, to the general scope of Act No. 565. Moreover, the benefits of Act No. 26 were not repealed by the later enactment of Act No. 565 because the legislative intent to do so was not unequivocally expressed. Quite the contrary, the legislature clearly made the benefits conferred by Act No. 565 "supplemental," and enjoined that the act's provisions "shall not be construed to repeal any laws not directly inconsistent herewith." The only laws directly inconsistent with the provisions of Act No. 565 are the provisions of exclusivity contained in Act No. 26 and §§ 271 and 272 of the Workmen's Compensation Law. Those later provisions do conflict irreconcilably with the terms of Act No. 565 and, therefore, must be considered as impliedly repealed. Although we have *Page 861 
recognized that repeal by implication is not favored, "[w]hen the provisions of two statutes are directly repugnant and cannot be reconciled, it must be presumed that the legislature intended an implied repeal, and the later statute prevails as the last expression of the legislative will." Fletcher v.Tuscaloosa Federal Savings Loan Association, 294 Ala. 173,177, 314 So.2d 51 (1975). We hold that the trial court did not err in deciding that the benefits of Act No. 565 supplemented those available under Act No. 26; nor did it err in finding that Section 3 of Act No. 565 repealed by implication the exclusivity provisions of Act No. 26 and §§ 271 and 272 of the Workmen's Compensation Act as they relate to those persons covered by Act No. 565.
Defendant's final issue concerns the compliance of the title of Act No. 565 with the requirements of Section 45 of the Constitution of 1901 which mandates that "[e]ach law shall contain but one subject, which shall be clearly expressed in its title." Specifically, defendants argue that the title to Act No. 565 did not give notice of Section 3 thereof, which effected a repeal by implication as we have discussed. Plaintiffs, on the other hand, maintain that this constitutional attack upon Act No. 565 was not made during trial and hence is foreclosed on appeal for not having been properly raised.
Of course, it is well established that where a constitutional question was not raised on trial it will not be considered an appeal. Cooper v. Green, 359 So.2d 377 (Ala. 1978); 2 Ala.Dig. Key 170(2). We respectfully observe, in addition, that the express mandate of § 45 has no effect upon a repeal by implication because of the very nature of an implied repeal. That issue was properly addressed by the Supreme Court of Illinois in Geisen v. Heiderich, 104 Ill. 537 (1882), when that court considered a similar attack upon a statute under the Illinois constitutional provision almost identical to our own. That court resolved the question in this manner:
 "It is urged that to allow a repeal by implication, in a case like this, would be to defeat, by indirection, section 13 of article 4 of the constitution, which provides, `that no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title, and no law shall be revised and amended by reference to its title only, but the law revised or section amended shall be inserted at length in the new act.' While it is conceded this position is decidedly ingenious, and not without force, we can not believe the framers of the constitution intended by it to limit or control the doctrine of repeals by implication. To give the provision such a construction, it is believed, would lead to much confusion and inconvenience, and deprive the courts of one of the most efficient means of harmonizing and giving effect to hasty and conflicting legislation."
We have carefully considered the issues raised and the excellent briefs and arguments of counsel. The order of the trial court is due to be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.