MADDOX, Justice.
The primary issue presented by this appeal is whether benefits under the Trinity Act, Act No. 26, AlaActs 1962 (Spec.Sess.), are supplemental to workers’ compensation benefits, or whether workers’ compensation benefits are the exclusive remedy under the circumstances presented. See §§ 25-5-52 and -53, Ala.Code 1975. Because we conclude that the trial judge correctly granted the partial summary judgment against the appellants’ Trinity Act claim, we affirm.
Randy Smartt was a fireman for the City of Huntsville (“the City”). On December 9, 1997, he sustained a fatal heart attack while testing a tool known as the “jaws of life” at the Huntsville Fire Station. His widow, Anita Smartt, filed this action on behalf of herself and her son, seeking Trinity Act benefits and workers’ compensation benefits based on her husband’s death.
The City moved for a partial summary judgment, contending that on the Trinity Act claim it was entitled to a judgment as a matter of law. The City argued: (1) that workers’ compensation was the exclusive remedy; (2) that the Trinity Act claim was barred because of the failure to file a timely notice of claim against the City, see §§ 11-47-23 and -192; (3) that the Trinity Act does not apply to Huntsville; (4) that application of the Trinity Act cannot expand to Huntsville, because of Amendment 389, Ala. Constitution; (5) that the Trinity Act violates Amendment No. 491 of the Alabama Constitution, and equal-protection, due-process, and privileges-and-immunities provisions of both the Alabama Constitution and the United States Constitution; and (6) that the Trinity Act results in double taxation, in violation of public policy.
On March 8, 2000, the trial court granted the City’s motion for a partial summary judgment against the Trinity Act claim. The court entered an “Agreed Order” on April 4, 2000, granting workers’ compensation benefits to Anita Smartt and her son. On April 6, 2000, the plaintiff Anita Smartt appealed, challenging the partial summary judgment against the Trinity Act claim.
*878 The plaintiffs primary argument is that because this Court, in City of Montgomery v. Robinson, 441 So.2d 857 (Ala.1983), held that Trinity Act benefits were supplemental to workers’ compensation benefits, the exclusivity provisions of the Workers’ Compensation Act do not prevent her from recovering under both Acts. Although the plaintiff correctly states the holding in Robinson, subsequent amendments to the workers’ compensation law and the subsequently expressed intent of the Legislature regarding the exclusivity of the workers’ compensation scheme undermine the holding in Robinson and, consequently, the plaintiffs’ claim.
In Robinson, this Court explained:
“Act No. 26, the ‘Trinity Act,’ derives its origin from a fire which occurred at Montgomery in 1951. Three firemen lost their fives while fighting a fire at Trinity Presbyterian Church. At that time there were no laws under which a City of Montgomery employee could be compensated due to work-related injury. In response to this situation the Alabama Legislature enacted Act No. 233, Acts of 1951. This Act was a general act of local application with a population bracket of 57,000 to 127,000. It applied to cities within that population classification and provided that employees of such cities totally disabled in the performance of duty should receive a monthly benefit equal to one-half of their base monthly compensation at the time of the injury for the time such disability continued. It further provided that the city personnel board could order that such an employee be paid his regular compensation for a period not exceeding six months. Benefits were accorded the widow of a city employee who was killed or who died as a result of injury sustained in the fine of duty, and benefits were also extended to minor children. This Act also contained an exclusivity clause:
“ ‘Persons receiving benefits under this Act shall not be entitled to or receive any other benefits from the city or any agency thereof on account of disability or the death of any person.’
“In 1962 the legislature enacted Act No. 26 which, while containing the same coverage, benefits and exclusivity clause, amended the population classification of Act No. 233 by raising it to apply to city populations from 100,000 to 200,000.
“Later, in 1975, the legislature enacted Act No. 565, a general act:
“ ‘Section 1. After the effective date of this act, the provisions of the Code of Alabama 1940, Title 26, Chapter 5, shall be applicable to the employees of all counties and all municipalities having populations greater than 2,000 according to the most recent federal decennial census, and the provisions of the Workmen’s Compensation Law shall govern in their employment....
[[Image here]]
“ ‘Section 3. The provisions of this act are supplemental and shall not be construed to repeal any laws not directly inconsistent herewith.
[[Image here]]
[[Image here]]
“To summarize, by its terms the local act, No. 26 [The Trinity Act], makes its benefits exclusive. The general act, No. 565, placed covered city employees under the Workmen’s Compensation Law, but made its provisions ‘supplemental’ and mandated that Act No. 565 ‘shall not be construed to repeal any laws not directly inconsistent herewith.’ ”
441 So.2d at 858-59.
Thus, the holding in Robinson was predicated, in part, on Act No. 565, Ala. Acts *879 1975, a general act with local application, which stated, in pertinent part, that “[t]he provisions of this act are supplemental and shall not be construed to repeal any laws not directly inconsistent herewith.” (Emphasis added.) The Court in Robinson concluded that the Legislature’s intent was to make the benefits under the Trinity Act (Act No. 26, Ala. Acts 1962) supplemental to those under Act No. 565; therefore, the Court held that the provisions for benefits under the Trinity Act were not repealed by the later enactment of Act No. 565 “because the legislative intent to do so was not unequivocally expressed.” 441 So.2d at 860. The Court did conclude that the Legislature’s enactment of Act No. 565, a general law, impliedly repealed the exclusivity provisions contained in §§ 271 and 272 of the earlier workers’ compensation law (Code of Alabama 1940, Title 26, Chapter 5) — now codified as §§ 25-5-52 and -53, Ala.Code 1975 — because those provisions “do conflict irreconcilably with the terms of Act No. 565.” 441 So.2d at 860.
The decision in Robinson was issued in 1988. In 1984, the Legislature made various findings regarding Alabama’s workers’ compensation scheme. In Act No. 85-41, § 1, Ala. Acts 1984 (2d Spec.Sess.), the Legislature stated:
“The intent of the legislature is to provide complete immunity to employers and limited immunity to [certain others] from civil liability for all causes of action except those based on willful conduct and such immunity is an essential .aspect of the workers’ compensation scheme. The legislature hereby expressly reaffirms its intent, as set forth in Section 25-5-53, as amended herein, and Sections 25-5-144 and 25-5-194 ... regarding the exclusivity of the rights and remedies of an injured employee, except as provided for herein.”
(Emphasis added.)
On May 19, 1992, the Governor approved Act No. 92-537, Ala. Acts 1992. Act No. 92-537 amended §§ 25-5-52 and - 53, Ala.Code 1975. Those amended sections read, in pertinent part:
“ § 25-5-52.
“Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative, surviving spouse, or next of kin of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment....”
“ § 25-5-53.
“The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death.”
(Emphasis added.) Act No. 537 also expressly repealed all prior laws conflicting with its provisions. See Act No. 92-537, § 51, Ala. Acts 1992 (“All laws or parts of laws which conflict with this act ... are repealed.”).
Based on the intent the Legislature expressed in Act No. 85-41 in 1984, and based on Act No. 92-537, adopted by the Legislature in 1992, which amended the workers’ compensation law, it appears to us that the holding in Robinson, that Trinity Act benefits are supplemental to work *880 ers’ compensation benefits, is no longer valid precedent. Therefore, we conclude that workers’ compensation benefits, pursuant to §§ 25-5-52 and -53, Ala.Code 1975, are the exclusive remedy under the circumstances presented by this appeal. See Fletcher v. Tuscaloosa Fed. Sav. & Loan Ass’n, 294 Ala. 173, 177, 314 So.2d 51, 55 (1975) (“ ‘When the provisions of two statutes are directly repugnant and cannot be reconciled, it must be presumed that the legislature intended an implied repeal, and the later statute prevails as the last expression of the legislative will.’ ”). Because Robinson was decided before Alabama adopted Act No. 92-537 in May 1992, we conclude that Robinson is no longer valid. The judgment of the trial court, therefore, is affirmed.
Because we affirm the judgment of the trial court on the ground that the provisions of Act No. 92-537 are controlling, we need not discuss whether the plaintiffs’ claim was barred because it was not timely filed, or any of the constitutional issues the City of Huntsville raises on appeal relating to the validity of the Trinity Act.
AFFIRMED.
HOOPER, C.J., and HOUSTON, SEE, LYONS, and BROWN, JJ., concur.
JOHNSTONE and ENGLAND, JJ., dissent.