JOHNSTONE, Justice
(dissenting).
I respectfully dissent on the issue treated by the main opinion inasmuch as the case before us is indistinguishable from our precedent of City of Montgomery v. Robinson, 441 So.2d 857 (Ala.1983), which has been reconfirmed, not undermined, by the legislative history of the exclusivity provisions of the Workers’ Compensation Act. Robinson held that the injured employee could recover benefits under both the Trinity Act and the Workman’s Compensation act notwithstanding the exclusivity provisions in both statutory schemes.
The exclusivity provisions applicable to Robinson’s 1980 on-the-job injury were contained in the then-existing §§ 25-5-52 and 25-5-53, Ala.Code 1975. The Legislature has maintained the same exclusivity provisions, without substantial change, to this day in the very same sections of the Code.
These two sections of the Code, as they existed when Robinson suffered his heart attack, read, in pertinent part, as follows:
“ § 25-5-52. Manner of compensation, etc., provided by article exclusive.
“No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article.”
“§ 25-5-53. Rights and remedies of employees, etc., exclusive; civil and criminal liability of employers, etc.
“The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death. Except as provided in this article and article 2, as the case may be, of this chapter, no employer included within the terms of this chapter and no officer, director, agent, servant or em *881 ployee of such employer shall be held civilly liable for any personal injury to or death of any workman who is an employee of the same employer and whose injury or death is due to an accident while engaged in the service or business of the employer, the cause of which accident originates in the employment.”
The same two sections of the Code, as they existed when the husband of the plaintiff Smartt in the case before us suffered his fatal heart attack, read, in pertinent part, as follows:
“§ 25-5-52. Manner of compensation, etc., provided by chapter exclusive.
“Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative, surviving spouse, or next of Mn of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof.”
“§ 25-5-53. Rights and remedies of employees, etc., exclusive; civil and criminal liability of employers, etc.
“The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of Mn, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer’s employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment.”
The appellant, City of Huntsville, does not claim that Smartt’s heart attack was an “occupational disease” addressed by the new inclusion of the words “occupational disease” in the existing version of § 25-5-52. The versions of these sections of the Code applicable to Smartt do not differ from those applicable to Robinson in any way that would make the worker’s compensation law “more exclusive” against Smartt than the law was against Robinson.
Since this Court decided Robinson, the Legislature has changed other provisions of these two sections of the Code not pertinent or critical to the case before us and yet has maintained the pertinent and critical exclusivity provisions without substantial change. The reenactment of statutory provisions without substantial change is deemed an adoption of controlling judicial interpretations of those statutory provisions at the time of reenactment. See Hamm v. Harrigan, 278 Ala. 372, 383, 178 So.2d 529, 540 (1965). The expression of legislative intent contained in Act No. 85-41, § 1, 1984 Ala.Acts (2d Ex.Sess.), does not in any way contradict the legislative adoption of Robinson according to the principles stated in Hamm. The words “[t]he legislature hereby expressly reaffirms its intent, as set forth in Section 25-5-53, as amended herein, ... regarding the exclusivity of the rights and remedies of an injured employee, except as provided for herein” do not constitute a rejection of the Robinson interpretation. As already explained, the amendments to § 25-5-53, adopted by Act No. 85-41, did not change the substance of the exclusivity provisions at all.
*882 “Certainly, repeal by implication is not favored, and an express repeal by the Legislature is preferable.” Ex parte Stewart, 730 So.2d 1246, 1250 (Ala.1999) (citing Benson v. City of Birmingham, 659 So.2d 82 (Ala.1995)). See also Anniston Urologic Assocs., P.C. v. Kline, 689 So.2d 54, 59 (Ala.1997) (“The implied repeal of a statute by another statute is not favored by the courts.... ”). Had the Legislature intended to repeal the Trinity Act, the Legislature could easily have referred to the Trinity Act in a repealer.
The Trinity Act is as viable today as it was when the Robinson case interpreted it.
ENGLAND, J., concurs.